IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Louis Barnes, ) | |
| ) | C/A No. 4:08-0002-MBS -TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| George Dedmondt, Brain Williams, ) | |
| Shadell Stevens, Marcus Smith, Polly ) | |
| Hall, A Dell Dobey, Brenda B. ) | **O R D E R** |
| Carpenter, Heidi Pressley, Randy Doran, ) | |
| O-Lee Sturkey, Lt. Karren Jaggers, in ) | |
| their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Steven Louis Barnes is a pretrial detainee currently housed at the Edgefield County Detention Center (ECDC) in Edgefield, South Carolina. Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated in various respects.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act. According to a portion of the allegations of the complaint, Defendant O-Lee Sturkey is an attorney who represented Toreeze Moton, a pretrial detainee who was housed at the ECDC contemporaneously with Plaintiff. It appears that Defendant Sturkey also represented Plaintiff in 2005. In any event, Plaintiff alleges, among other things, that Defendant Sturkey dissuaded Moton from taking legal advice from Plaintiff.

On February 21, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within action be summarily dismissed as to Defendant Sturkey because this

Defendant is not a state actor amenable to suit under § 1983. Plaintiff filed objections to the Report and Recommendation on March 11, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff's objections essentially restate the allegations of his complaint. With respect to Defendant Sturkey, Plaintiff appears to contend that this Defendant coerced Toreeze Moton into pleading guilty, in part by discouraging Moton from taking Plaintiff's advice. An inmate must allege that he, himself, sustained a deprivation of a right, privilege, or immunity secured to him by the Constitution and laws of the United States in order to state a civil rights claim upon which relief can be granted under section 1983. Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977). Plaintiff has failed to do so with respect to Defendant Sturkey. Moreover, an attorney representing a criminal defendant does no act under state law with respect to matters arising out of the representation, at least in the absence of some conspiracy with state actors. Bishop v. Richardson, 852 F.2d 565 (4th Cir.

1988) (unpublished) (citing Polk County v. Dodson, 454 U.S. 312 (1981); Tower v. Glover, 467U.S. 914, 920 (1984)).

Plaintiff asserts that the Edgefield County court-appointed attorneys, solicitors, judges, and jail administrators participate in a conspiracy to harass and coerce detainees into entering a guilty plea. The "'naked assertion of a conspiracy . . . without supporting operative facts' establishing an agreement between the defense attorney and the prosecutor or some other state actor, and a common plan to put the agreement into effect, is insufficient to implicate § 1983." Id. (quoting Phillips v. Mashburn, 746 F.2d 782, 785 (11h Cir. 1984)). Plaintiff's objections are without merit.

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The Report and Recommendation is incorporated herein by reference. Defendant Sturkey is dismissed without prejudice and without issuance and service of process. The within action is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 7, 2008.