UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Steven Louis Barnes, | ) | C/A No. 4:08-cv-00002-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| George Dedmondt; Brain Williams; | ) | |
| Shadell Stevens; Marcus Smith; | ) | |
| Polly Hall; A. Dell Dobey; | ) | |
| Brenda B. Carpenter; Heidi Pressley; | ) | |
| Randy Doran; | ) | |
| Lt. Karren Jaggers, official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, a prisoner proceeding *pro se*, has filed this matter pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by various defendants. In the complaint, plaintiff alleges, in part, that State Magistrate Judge Carpenter issued a warrant without probable cause. Defendant Carpenter filed a motion to dismiss on April 21, 2008, pursuant to Rule 12(b)(1) and (6), Fed.R.Civ. P. Because plaintiff is proceeding pro se, he was advised on or about April 22, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a response in opposition on May 29, 2008. Defendant Carpenter filed a reply on June 9, 2008.

**MOTION TO DISMISS**

As previously stated, defendant Carpenter filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Fed. R. Civ.P. asserting that plaintiff's complaint fails to state a cause of action,

against her, upon which relief can be granted as she is entitled to absolute immunity as a state magistrate judge acting in her official capacity.

In his response in opposition, plaintiff argues that he seeks to bring criminal charges against defendant Carpenter for violation of his constitutional rights and "injunctive relief in regards to enjoining said magistrate not to issue vindictive and malicious and non probable cause warrants." (Doc. # 48). Plaintiff asserts that he is not seeking any type of monetary damages in regards to said magistrate and that her motion to dismiss should be denied.

Defendant Carpenter filed a reply asserting that it is clearly established that "no citizen has an enforceable right to institute a criminal prosecution." Therefore, defendant argues that plaintiff cannot possibly maintain a claim against her based on his desire to bring criminal charges against her. Defendant further argues that plaintiff cannot bring a claim against her for prospective injunctive relief as 42 U.S.C. §1983 states injunctive relief shall not be granted against a judicial officer unless a declaratory decree was violated or declaratory relief was unavailable which plaintiff has not alleged.

Rule 12(b)(1)

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768. It is well-established that parties must exhaust prescribed administrative remedies before the federal courts

have jurisdiction over the issues raised. See McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); Guerra v. Scruggs, 942 F.2d 270, 276 (4th Cir.1991).

Rule 12(b)(6)

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

**ARGUMENT**

Plaintiff names Edgefield County Magistrate Brenda Carpenter as a defendant. A judge has absolute judicial immunity with respect to his/her judicial acts in a plaintiff's criminal case. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). The Supreme Court of South

3

Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Cort Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975).

County magistrates are judges in the State of South Carolina's unified judicial system. *Douglas v. McLeod*, 282 S.E. 2d 604, 605 (1981); *State ex rel McLeod v. Crowe*, 249 S.E. 2d 772 (1978). Plaintiff claims that Magistrate Carpenter signed a warrant against plaintiff without requiring probable cause. Magistrate Carpenter should be dismissed as a defendant in this action because as a judge of the State of South Carolina's unified judicial system, she is entitled to immunity from suit for damages arising from her judicial actions, such as signing a warrant.

In addition to immunity from monetary damages, Defendant Carpenter is also protected from claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996 (FICA), Pub.L. No 104-317, 110 Stat. 3847 (1996), amended §1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As plaintiff does not allege that either of these prerequisites for injunctive relief were met, his claim for injunctive relief against defendant Carpenter is subject to dismissal. See Montero v. Travis, 171 F.3d 757, 761 (2d Cir.1999) (barring injunctive relief against a quasi-judicial official); Massey v. Stosberg, 136 Fed. Appx. 719, 720 (6th Cir. 2005). Plaintiff has not alleged or shown the violation of a declaratory decree nor the unavailability of declaratory relief. Therefore, any claim by plaintiff for injunctive relief is barred

under §1983.

To the extent plaintiff is requesting that this court institute criminal actions against defendant Carpenter, his claim also fails. No citizen has an enforceable right to institute a criminal prosecution. <u>Linda R.S. v. Richard V.</u>, 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

## **CONCLUSION**

Accordingly, it is recommended that the defendant Carpenter's motion to dismiss (document #39) be GRANTED and the complaint be dismissed as to defendant Edgefield County Magistrate Brenda Carpenter.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 6, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**