IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Louis Barnes, ) | |
| ) | C/A No. 4:08-0002-MBS -TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| George Dedmondt, Brain Williams, ) | |
| Shadell Stevens, Marcus Smith, Polly ) | |
| Hall, A Dell Dobey, Brenda B. ) | **O R D E R** |
| Carpenter, Heidi Pressley, Randy Doran, ) | |
| Lt. Karren Jaggers, in their official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying complaint, Plaintiff Steven Louis Barnes was a pretrial detainee held at the Edgefield County Detention Center (ECDC) in Edgefield, South Carolina. Plaintiff now is in custody of the South Carolina Department of Corrections. Plaintiff currently is housed at Lieber Correctional Institution in Ridgeville, South Carolina. Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights in various respects.

This matter is before the court on motion to dismiss filed by Defendant Brenda B. Carpenter on April 21, 2008 (Entry 39). Defendant Carpenter asserts that Plaintiff's allegations arise out of actions taken by her in her judicial capacity as magistrate judge for Edgefield County, South Carolina. Defendant Carpenter contends that she is entitled to absolute immunity. By order filed April 22, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to the motion to dismiss on May 29, 2008, to which Defendant

Carpenter filed a reply on June 9, 2008. Plaintiff filed an additional response in opposition on July 24, 2008, to which Defendant Carpenter filed a reply on August 4, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III. On October 6, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that the action be dismissed as to Defendant Carpenter on the grounds that she is entitled to immunity from suit for alleged damages arising from her judicial actions. The Magistrate Judge further noted that, to the extent the issues were raised, Plaintiff was not entitled to seek injunctive relief as to Defendant Carpenter, nor was he entitled to institute a criminal prosecution against her. Despite being granted an extension of time (Entry 95), Plaintiff filed no objections to the Report and Recommendation.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C.

---

[1] The last deadline for Plaintiff's response was November 13, 2008 (Entry 95). On November 18, 2008, Plaintiff filed a motion for extension of time to file dispositive motions (Entry 100). This motion does not appear to relate to the Report and Recommendation. The motion was granted and time extended to December 3, 2008. On December 8, 2008, Plaintiff filed a motion for extension of time as to all pretrial motions (Entry 107). This motion also does not appear to relate to the Report and Recommendation. Therefore, the court does not consider that Plaintiff was granted an extension of time to respond to the Report and Recommendation past November 13, 2008. In any event, the December 3, 2008 deadline has passed, and the court in not inclined to grant further extensions to the time to object to the Report and Recommendation, which now has been pending nearly ninety days.

§ 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The Report and Recommendation is incorporated herein by reference. Defendant Carpenter is dismissed with prejudice on the grounds of judicial immunity. The within action is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 30, 2008.