IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Louis Barnes, | ) |
|           Plaintiff, | ) C/A No. 4:08-0002-MBS |
| vs. | ) |
| George Dedmondt; Brain Williams; Shadell Stevens; Marcus Smith; Polly Hall; A. Dell Dobey; Heidi Pressley; Randy Doran; and Lt. Karen Jaggers, official and individual capacity, | ) **O R D E R** |
|           Defendant. | ) |

Plaintiff Steven Louis Barnes is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at the Lieber Correctional Institution in Ridgeville, South Carolina. At the time of the underlying events, Plaintiff was detained at the Edgefield County Detention Center (ECDC) in Edgefield, South Carolina. Plaintiff, proceeding pro se, filed a complaint on January 2, 2008, alleging that while he was detained at ECDC he was subjected to unconstitutional conditions of confinement; denied proper medical care; denied access to the courts; and was subjected to excessive force by the use of a taser on November 3, 2007, all in violation of his constitutional rights. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on motion for summary judgment filed by Defendants on September 19, 2008 (Entry 74). By order filed September 22, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on August 14, 2009.

Also before the court is Plaintiff's motion for partial summary judgment, which motion was filed on July 2, 2009 (Entry 171). Defendants filed a memorandum in opposition on July 20, 2009. no response to Defendant's motion.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge issued a Report and Recommendation on August 26, 2009, in which she recommended that Defendants' motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied. Plaintiff filed objections to the Report and Recommendation on September 11, 2009 and September 15, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. DISCUSSION

Plaintiff contends that the Magistrate Judge erred in granting summary judgment in favor of Defendants as to Plaintiff's excessive force claim. The court disagrees.

As fully described in the Report and Recommendation, the excessive force claim arises from an incident on November 3, 2007. Defendants allege that Plaintiff threw a cup of urine out of the flap of his cell door onto Defendant Smith, who was at Plaintiff's cell administering Plaintiff's

2

medications. Defendant Dedmondt avers that he entered the cell and told Plaintiff to turn around and place his hands behind his back to be cuffed. Entry 74-2, 4. Defendant Dedmondt avers that Plaintiff did not comply with directives, but instead raised his hands to a little over shoulder height and commencing moving toward Defendant Dedmondt. Id. Defendant Dedmondt perceived Plaintiff's actions as a threat. Id. Defendant Dedmondt thereafter utilized the taser twice, in part because even after the first use, Plaintiff continued to resist. Id. at 5-6.

The objections filed by Plaintiff on September 11, 2009 allege that the affidavits in support of Defendants' motion for summary judgment are fraudulent. Plaintiff also states that Defendants have in their possession unaltered videotapes that would support his contention that he was subjected to excessive force on November 3, 2007. Entry 200, 1.[1] Plaintiff's mere speculation and unsupported assertions are not sufficient to overcome Defendants' properly supported motion for summary judgment. See DAG Petroleum Suppliers, L.L.C. v. BP P.L.C., 268 F. App'x 236, 242 (4th Cir. 2008).

The objections filed by Plaintiff on September 19, 2009, essentially reiterate the allegations of Plaintiff's complaint as to his excessive force claim. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In any event, Plaintiff's version of the facts are not different in material respects from those alleged by Defendants. It is undisputed that Plaintiff threw a cup of liquid at Defendant Smith. Entry 204, 3. It also is undisputed that Plaintiff had his hands

---

[1] Plaintiff alleged in his motion for partial summary judgment that a videotape of the taser incident had been altered for use at trial on charges brought against Plaintiff as a consequence of the incident. (Entry 171-1, 3.)

3

in the air when Defendant Dedmondt entered his cell for the purpose of restraining him.  Id.

As the Magistrate Judge correctly found, the evidence supports a finding that Defendant Dedmondt properly deployed a taser for the purpose of restoring order, and not maliciously and sadistically for the purpose of causing harm.  See Orem v.Rephann, 523 F.3d 442, 446 (4th Cir. 2008) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).  Plaintiff's objections are without merit.

As to the remaining findings and recommendations of the Magistrate Judge, Plaintiff has filed no objections.  In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

 The court has review the Magistrate Judge's thorough Report and Recommendation and concurs in her findings.  The court adopts the Report and Recommendation and incorporates it herein by reference.  Accordingly, Defendants' motion for summary judgment (Entry 74) is **granted**.  Plaintiff's motion for partial summary judgment (Entry 171) is **denied**.  All remaining motions are **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 29, 2009.

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**